UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: MEDESAN, NICOLAE | § | Case No. 08-15510 |
| MEDESAN, MONICA | § | |
| | § | |
| Debtors | § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION (NFR)

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that GLENN R. HEYMAN, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications.

| | |
|---|---|
| *The Final Report shows receipts of* | $ 18,316.67 |
| *and approved disbursements of* | $ 3,797.54 |
| *leaving a balance of* | $ 14,519.13 |

Claims of secured creditors will be paid as follows:

*Claimant*                                                              *Proposed Payment*
                            N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| Trustee | GLENN R. HEYMAN | $ 2,203.39 | $ |
| Attorney for trustee | Crane, Heyman, Simon, Welch & Clar | $ 3,534.00 | $ 38.08 |
| *Appraiser* | | $ | $ |
| *Auctioneer* | | $ | $ |
| *Accountant* | Popowcer Katten, Ltd. | $ 881.50 | $ |
| *Special Attorney for trustee* | | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ | $ |
| *Fees,* | United States Trustee | $ | $ |

UST Form 101-7-NFR (4/1/2009)

*Other* _____ $_____ $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Attorney for debtor* _____ | $_____ | $_____ |
| *Attorney for* _____ | $_____ | $_____ |
| *Accountant for* _____ | $_____ | $_____ |
| *Appraiser for* _____ | $_____ | $_____ |
| *Other* _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 53,477.75 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 14.7 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | PYOD LLC its successors and assigns as assignee of | $ 6,881.60 | $ 1,011.71 |
| 2 | PYOD LLC its successors and assigns as assignee of | $ 9,334.05 | $ 1,372.27 |
| 3 | PYOD LLC its successors and assigns as assignee of | $ 1,107.25 | $ 162.79 |
| 4 | Discover Bank/DFS Services LLC | $ 5,956.57 | $ 875.72 |
| 5 | CHASE BANK USA | $ 3,571.05 | $ 525.01 |
| 6 | CHASE BANK USA | $ 8,697.07 | $ 1,278.62 |

**UST Form 101-7-NFR (4/1/2009)**

| | | | |
|---|---|---|---|
| 7 | CHASE BANK USA | $ 15,644.64 | $ 2,300.03 |
| 8 | eCAST Settlement Corporation assignee of | $ 2,285.52 | $ 336.01 |

Late filed general (unsecured) claims are as follows:

*Claim Number    Claimant                            Allowed Amt. of Claim    Proposed Payment*

N/A

Subordinated unsecured claims for fines, penalties, and forfeitures are as follows:

*Claim Number    Claimant                            Allowed Amt. of Claim    Proposed Payment*

N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $0.00.

**UST Form 101-7-NFR (4/1/2009)**

The trustee's Final Report and all applications for compensation are available for inspection at the Office of the Clerk, U.S. Bankruptcy Court:

219 S. Dearborn Street
Chicago, IL 60604

If local court rules so require, the following procedure for objecting must be followed:

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days of the date of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30am on 09/24/2009 in Courtroom 682, United States Courthouse,
219 S. Dearborn Street
Chicago, IL 60604.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.


Date:  08/07/2009          By:  /s/GLENN R. HEYMAN
                                         Trustee

GLENN R. HEYMAN
135 S. LaSalle Street, #3705
Chicago, IL  60603

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (4/1/2009)**